Barnard, P. J.
On the 30th December, 1848, the plaintiff was the owner of a tract of land in the town of Yonkers, and now within the city of Yonkers.
On that day he conveyed the southerly portion of the premises to the town of Yonkers for a highway, and the deed contained a condition “that no house, building or other erection whatever, except a public monument, shall ever be built or erected or permitted upon the said land, or upon any part thereof."
At the time of the conveyance there was a brick building on the northerly part of the tract, and the south wall of the building was the northerly boundary line of the premises conveyed to the town of Yonkers.
On the same day the plaintiff conveyed to one Barry the north part of the tract, and bounded him on the south by the same brick wall, so that there is no dispute but that the south wall of the brick store built by Rose, is the true line between the store property now owned by Hawley and the highway.
The first question is, as to the true location of this south wall, for this is one of the structures which are said to violate the conditions of the deed. The court finds an obstruction of the highway of one foot and thirty-seven one-hundredths in front and two inches in the rear. The evidence seems to be clear that the south line of the Rose building is the present south line of the Hawley building. The Rose building was built by Rose himself in 1845, and was standing at the time of the conveyance to the town and to Barry. Rose owned the land south of the store, so that he could put his store anywhere upon it. He conveyed so that his store (south wall) bound both deeds. The store stood until 1857, when one Farrington rebuilt it.
This building was constructed under the direction of an architect and civil engineer. The south wall of the Farrington building is precisely the same as the south wall of the Rose building. It was made four inches wider, twelve instead of eight inches, so that two inches were taken up for this half of the party wall. There can be no mistake about the fact. The engineer, Cornwell, says: “ I testify *362 that the south wall of the Farrington building stands in the same line as the south wall of the Eose building. I laid out the line for the builders, drew the plan and superintended the erection of the Farrington building. The twelve-inch wall was built on the line of the old wall, making a projection of two inches on each side.”
The builder, Stewart, testifies to the fact that he built the wall in question' in the line given him by Cornwell, the architect. No objection was ever made to this building. It remained antil 1866, when it burned down. The present building was at once put upon the old foundation. That foundation was built upon the same foundation as the Farrington building.
The proof of the encroachment tends to show that the Farrington wall was the first encroachment in 1866. This rests on no sufficient evidence. The plaintiff testifies that he watched them (the builders) after they had carried the wall up above the street.” The civil engineer Findley never knew the Eose building and had no diagram of its existence,and consequently his testimony as to the location of the true north line (Eose) is not very important. Wherever that south (Eose) wall was in fact, there was the true line for the purposes of this action. The same weakness is apparent in the testimony of Cozzens. His testimony is based upon an assumption which is apart from the actual place of the wall which was the line.
The plaintiff’s proof in respect to the encroachment is thus seen to be inconclusive and uncertain in itself.
The case for the plaintiff really rests upon the testimony of the plaintiff, and that is based upon watching the rise of a wall excavated on each side. The plaintiff was not an engineer, and against his present claim there is proof that he acquiesced in the location from 1866 to 1886 when this suit was brought. If he protested to the builder -his protest was not heeded and he did nothing. He did not even make a formal complaint to the city authorities of Yonkers. He was himself an officer of the city just before and while the wall was put up. He subsequently hired the building for the government. It was therefore erroneous to find the present wall an obstruction upon the street. The second question is as to the effect of the area upon the condition. This finding that there is an area covered along the south side of the Farrington building is according to the evidence but the conclusion that it is a breach of the condition, is not well founded.
The conveyance was for a highway. It could be used for the ordinary purposes of a highway. Gas pipes could be put under it, water mains and sewer excavations could be made in it and areas for light and for access to the buildings upon it, provided that the entire surface of the street was made good and safe for public travel.
There was no breach. The intent of the parties is to be *363 gathered from the subject of the grant and from the purposes for which it was granted. Bennett v. Culver, 97 N. Y. 250.
At best the encroachment was not one permitted by the city within the spirit of the conveyance sufficient to avoid the deed.
Ho corporate act is proven authorizing the area either by town or city. Ho consent can be inferred. St. Vincent’s Hospital v. City of Troy, 76 N. Y., 109.
My conclusion is, therefore, that the strip covered by the wall belongs to Hawley, and that the area is no such structure upon the street as will justify a recovery of the land in this action.
Judgment reversed and new trial granted, costs to abide event.
Pratt, J concurs; Dykman, J., not sitting.